**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAJON NELSON | ) | |
| | ) | Case No: 24-cv-3750 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Complaint for Violation of** |
| | ) | **Civil Rights** |
| City of Chicago Police Officers, Mark | ) | |
| Skutnik, Star No. 14307, and Ivan | ) | |
| Villalobos, Star No. 9429 and unknown | ) | **JURY DEMANDED** |
| and unnamed officers were employed by | ) | |
| the City of Chicago Police Department, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**JURISDICTION AND VENUE**

1.     This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3.     At all times herein mentioned, Lajon Nelson (hereinafter "Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4.     At all times herein mentioned Defendants City of Chicago Police Officers, Mark Skutnik, Star No. 14307, and Ivan Villalobos, Star No. 9429 and unknown and unnamed officers

1

were employed by the City of Chicago Police Department (collectively "police defendants" or "defendants") and were acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5.     At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

6.     On December 30, 2023, in the mid-afternoon, Plaintiff was lawfully walking in Chicago in the vicinity of 115 E. 56th St.

7.     While Plaintiff was there, the Defendants pointed a gun at plaintiff, detained Plaintiff, handcuffed and searched him.

8.     The defendants did not find any contraband or other illegal thing on Plaintiff's person.

9.     Upon request, Plaintiff identified himself.

10.     Thereafter, the police defendants continued to detain Plaintiff for a period of time even though they knew that there was no reason to suspect Plaintiff of engaging or about to engage in criminal activity.

11.     The Defendants had no lawful cause to point a gun at Plaintiff, and/or detain Plaintiff for any period of time.

12.     Although Plaintiff did not have any weapons or narcotics, the Defendants continued to detain Plaintiff for a period of time without any lawful cause. They then released Plaintiff and did not charge him with any crimes.

2

13.     By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

14.     The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

15.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1983, 42 U.S.C 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I

### PLAINTIFF AGAINST THE INDIVIDUAL DEFENDANTS AND EACH OF THEM KNOWN AND UNKNOWN FOR A WRONGFUL DETENTION

16.      Plaintiff hereby incorporates and realleges paragraphs one (1) through fifteen (15) as though fully set forth at this place.

17.     The Defendants and each of them, known and unknown, individually, acted to deprive Plaintiff of his Fourth Amendment rights by pointing a gun at him, arresting, detaining and searching the Plaintiff.

18.     By reason of the conduct of Defendants and each of them, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

19.     The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendments rights.  Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**

**PLAINTIFF AGAINST THE CITY OF CHICAGO FOR THE STATE SUPPLEMENTAL CLAIM OF FALSE IMPRISONMENT**

20.     Plaintiff hereby incorporates and realleges all the previous paragraphs as though fully set forth at this place.

21.     The individual Defendants detained and falsely imprisoned the Plaintiff as alleged above.

22.     Plaintiff was damaged as a result of being falsely imprisoned, as he suffered a loss of liberty, case and suffered emotional distress in a sum to be ascertained.

23.     The City of Chicago is liable to Plaintiff under the concept of *respondeat superior.*

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1.     That the Defendants and each of them and other unnamed and unknown Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2.     That all Defendants be required to pay Plaintiff's special damages;

3.      That these same Defendants required to pay Plaintiff's attorneys fees pursuant to 42 1983 of Title 42 of the United States Code, Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.      That the individual Defendants and each of them and other unnamed and unknown Defendants other than the City of Chicago and Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

5.      That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6.      That Plaintiff have such other and further relief as this Court may deem just and proper.

BY:     s/ Edward M. Fox
        ED FOX & ASSOCIATES

        Attorneys for Plaintiff
        118 North Clinton St.
        Suite 425
        Chicago, Illinois 60661
        (312) 345-8877
        efox@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:     s/Edward M. Fox
        ED FOX & ASSOCIATES

        Attorneys for Plaintiff
        118 North Clinton St.
        Suite 425
        Chicago, Illinois 60661
        (312) 345-8877
        efox@efox-law.com